655 So.2d 1162 (1995)
Gonzalo A. CHACIN, Petitioner,
v.
GENERALI ASSICURAZIONI GENERALI SPA, Respondent.
No. 95-552.
District Court of Appeal of Florida, Third District.
May 3, 1995.
Rehearing Denied June 28, 1995.
Carlos Lidsky and Charles L. Vaccaro, for petitioner.
Kroll & Tract and Nicolas G. Sakellis and Hyman Hillenbrand, for respondent.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
SCHWARTZ, Chief Judge.
The appellate division of the circuit court affirmed the county court's denial of the plaintiff-insured's application for attorney's fees under section 627.428, Florida Statutes (1993) on the ground that section 626.912, Florida Statutes (1993) "precludes the award of attorney [sic] fees against a surplus lines insurer" like the carrier involved in this case. We quash the decision and mandate reversal of the county court on the authority of English & American Insurance Co. v. Swain Groves, Inc., 218 So.2d 453 (Fla. 4th DCA 1969), which is squarely in point and with which we agree:
The final question involved the propriety of the award of attorney's fees where the non-admitted carriers complied with Section 626.0509, F.S. 1965, F.S.A. [now § 626.912, Fla. Stat. (1993)]. Appellants [sic] argument is that an attorney's fee is allowed in an action against an unauthorized foreign insurer only under the provisions *1163 of Section 626.0508, F.S. 1965, F.S.A., [now § 626.911, Fla. Stat. (1993)] but that Section 626.0509 F.S. 1965, F.S.A. specifically exempts therefrom an action against an unauthorized insurer arising out of a contract of insurance issued under the surplus lines law under certain conditions [which existed in the instant case]. We pretermit a determination of whether appellants were exempt from Section 626.0508, F.S. 1965 by holding that the appellants were within the scope of Section 627.0127, F.S. 1965, F.S.A., [now § 627.428, Fla. Stat. (1993)] [which provides for the award of attorney's fees upon rendition of a judgment against an insurer in favor of an insured].
English & Am. Ins. Co., 218 So.2d at 458.
Certiorari granted.
NESBITT, J., concurs.
COPE, Judge (concurring).
I join the majority opinion and would add that in my view this result also follows from the terms of section 626.925, Florida Statutes (1993).